Supreme Court, Dutchess County, May, 1899.    Unreported.

HENRY H. LYMAN *v.* EDWARD PERLMUTTER and FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

PHILLIPS, Referee:

The defendant Perlmutter in the summer of 1897 conducted a hotel at Upton Lake, in the town of Stanford, Dutchess county, New York, the defendant the Fidelity and Deposit Company of Maryland is the surety upon the bond given by him on making his application for the liquor tax certificate which was issued to him.

This action is brought to recover the amount named as the penalty of the bond, under the statute, upon the allegation that the defendant Perlmutter has violated the condition of the bond

in that he has at certain times named in the complaint sold lager beer on Sunday contrary to the provisions of the liquor tax law.

The testimony is that ·on the second Sunday in August, 1897, the defendant Perlmutter sold lager beer, upon the licensed premises to one Hart, one Masten and one Brundage, which beer was then drunk by all of them. There was some evidence introduced tending to substantiate a claim that this beer was furnished with a sandwich or meal, but it was of such character and so contradicted by the persons who purchased the beer that in my judgment it is entitled to no credit.

The testimony of the witness, Mrs. Millis, is positive that she saw the defendant Perlmutter sell lager beer at his place on Sunday morning, that is, after twelve o'clock Saturday night. She is in her testimony somewhat confused as to dates but in my opinion her testimony bears the stamp of truth. An attempt is made to break the force of her testimony by discrediting her, but it seems incredible that she, well known, as she testifies, as an advocate of temperance for years should stop at the house of the witness Near and there, without any preliminaries call for and with him drink beer, the testimony of Near is unworthy of credit.

The cause of action is made out, one sale contrary to law would be a breach of the condition of the bond. If the condition of the bond is violated this authorizes an action to recover the penalty of the bond, in this case $500. (*Lyman* v. *Rochester Title Ins. Co.,* 37 App. Div. 239.)

Judgment for plaintiff against defendants Edward Perlmutter and the Fidelity & Deposit Company of Maryland for $500 and costs.